UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA TERYAEVA-REED,<br><br>Plaintiff,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Defendants. | Case No. 25-cv-09887-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING REQUEST FOR STAY AND ABEYANCE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF Nos. 4, 5 |

Plaintiff has filed a *pro se* civil rights action. Her complaint (ECF No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

**B.     Complaint**

The complaint names fifteen defendants – the United States, United States Attorney General Pamela Bondi, former Bureau of Prisons ("BOP") Director Collette S. Peters, BOP Deputy Director William W. Lothrop, BOP Associate Deputy Director Kathleen Toomey, Federal Prison Industries Acting Chief Executive Officer Seth Bogin, BOP Western District Regional Director Melissa Rios-Marques, BOP Southeastern District Regional Directors Jeffrey Keller and Shannon Phelps, FDC Miami Warden Samantha Serrano, FDC Miami Assistant Warden R. Morris, FDC Miami Counselor V. Dawkins-Jones, FDC Miami Lieutenant G. Rodriguez, an unnamed FDC Miami Health Services Administrator, and United States Marshal Service Director Ronald L. Davis. The complaint is a lengthy, 87-page narrative recounting the alleged mistreatment that Plaintiff has suffered since she entered BOP custody in 2017. The complaint recounts incidents that took place while Plaintiff was housed at FCI-Aliceville in Alabama; at FDC Miami in Florida; and at FCI-Dublin in California, focusing primarily on events that occurred at FDC Miami. The complaint alleges that the conditions of confinement at all three locations were unconstitutional. The complaint also alleges that Plaintiff's transfers between the various institutions violated BOP policy, violated court orders, and were retaliatory; and that the transfers resulted in her serving a sentence that was longer than necessary. The complaint alleges that Defendants have violated federal law, California state law, Texas state law, and the policies of various federal agencies.

**C.     Dismissal with Leave to Amend**

The Court DISMISSES the complaint because it suffers from numerous deficiencies, some of which the Court details below.

First, the complaint violates Fed. R. Civ. P. 8(a)'s requirement of a short and plain statement. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059

1  (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly long," "highly

2  repetitious, confusing, or consist of incomprehensible rambling"); *Indep. Towers of Wash. v.*

3  *Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("When reading [plaintiff's] brief, one wonders if

4  [plaintiff], in its own version of the spaghetti approach, has heaved the entire contents of a pot

5  against the wall in hopes that something would stick. We decline, however, to sort through the

6  noodles in search of [plaintiff's] claim."). Failure to comply with Rule 8 is an independent basis

7  for dismissal separate from whether the plaintiff states a sufficient claim on the merits. *See*

8  *McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint

9  that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). Even claims

10 which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for

11 violating Rule 8(a). *See id.* Plaintiff's *pro se* status does not relieve her of conformity to the

12 pleading rules. *See, e.g., Romano v. U.S. Army Core of Eng'rs*, Case No. 17-cv-930-JD, 2017 WL

13 6448221, at *1 (N.D. Cal. Dec. 18, 2017).

14       Second, the complaint appears to violate the joinder rule set forth in Fed. R. Civ. P. 20.

15 Fed. R. Civ. P. 20(a)(2) provides that all persons "may be joined in one action as defendants if:

16 (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect

17 to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

18 (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P.

19 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but

20 Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

21 *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this action, Plaintiff may only seek relief

22 for incidents that (1) arise out of the same occurrence; and (2) have a common question of law or

23 fact common to all defendants. The complaint complains of various unrelated events that

24 happened at different BOP facilities and involving separate BOP officials. For example, the claim

25 that Plaintiff was wrongfully placed in the SHU while at FDC Miami and the claim that Plaintiff

26 was wrongfully transferred from FCI Dublin to FDC Miami arise out of different occurrences,

27 involve different defendants, and do not share a common question of law or fact.

28       Third, the complaint appears to have been filed in the wrong venue. The bulk of the

3

complaint concerns incidents that occurred at FDC Miami. The events or omissions giving rise to Plaintiff's claims regarding FDC Miami events occurred in Miami, Florida, which is located in the Southern District of Florida; Plaintiff is not located in this district and has not resided in this district for a year and a half; and it does not appear that any of the defendants reside in this district. To the extent that Plaintiff seeks relief for claims arising out of events at FDC Miami, the proper venue for those claims would be the Southern District of Florida. *See* 28 U.S.C. § 1391(b).

Fourth, Plaintiff's claim that she was improperly transferred from FCI Dublin to FDC Miami is duplicative, as this claim was raised and rejected in *Teryaeva-Reed v. Peters, et al.*, C No. 24-cv-3910 JSW. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

The Court GRANTS Plaintiff leave to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts). In the amended complaint, Plaintiff should *briefly* describe each wrongful act, including when it occurred, what happened (or did not happen), and which defendant was involved; and should identify what federal law or federal constitutional provision the action or inaction violated. Plaintiff is encouraged to use the form complaint, and she should refrain from making legal arguments. Plaintiff should consider whether her claims are properly brought in this district or whether they should be filed in a different venue.

**D.     Request for Appointment of Counsel**

Plaintiff has requested that the Court appoint her counsel. Plaintiff argues that appointment of counsel is necessary because she is unable to afford counsel; her current detention in ICE custody greatly limits her ability to litigate; her probable removal from the United States within the next few weeks will make it impossible for her to litigate this matter without appointed counsel; the issues in this case complex and entail overlapping branches of state and federal law as well as court-ordered injunctive relief in a class action and constitutional rights violation; 28

4

U.S.C. § 2412(b) authorizes awards of reasonable attorney fees in any civil action brought against the United States or any agency of the United States acting in his or her official capacity; Plaintiff has made reasonable yet unsuccessful efforts to obtain counsel; this case may set precedent for other cases; and this case is material to deterring Defendants from committing further constitutional violations. ECF No. 4.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.* At this stage of the action, it is unclear that Plaintiff will succeed on the merits as there is currently no operative complaint. The Court DENIES the request for appointment of counsel for lack of exceptional circumstances.

### E. Request for Stay and Abeyance (ECF No. 5)

Plaintiff has requested that the Court hold this case in abeyance under Rule 12(f) pending resolution of her habeas corpus petition proceeding seeking release from custody or removal and pending her satisfying the FTCA's exhaustion requirement. ECF No. 5. The Court DENIES the request for abeyance. As discussed *supra*, it is unclear whether Plaintiff can or will proceed with this action. Many of the events alleged in the complaint took place in a different venue; the claim regarding an event in this district – retaliatory transfer from FCI Dublin to FDC Miami – is duplicative of a claim raised in a prior action; and Plaintiff has been deported from the United States and has not provided the Court with a current address. Fed. R. Civ. P. 12(f) governs motions to strike pleadings or portions of pleadings, and does not provide for staying actions.

**F.      Directions to Plaintiff – Requiring Current Address and Notice of Intent to Prosecute**

Within twenty-eight of the days of this order, Plaintiff is directed to inform the Court of her current address and inform the Court whether she intends to prosecute this action. It appears that Plaintiff is no longer at her current address of record and no longer in the United States. At the time Plaintiff submitted the complaint, she was housed at Otay Mesa Dentation Center in San Diego, California. ECF No. 1-1. On November 17, 2025, ICE removed Plaintiff from the United States via charter air flight. *Teryaeva-Reed v. Larose*, C No. 25-cv-02219-AGS-JLB, ECF No. 22.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows.

1.      The Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-09887 JST (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Accordingly, Plaintiff must include in her amended complaint all the claims she wishes to present and all of the defendants she wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

2.      The Court DENIES Plaintiff's request for appointment of counsel, ECF No. 4, and request for stay and abeyance, ECF No. 5.

3.      Within twenty-eight of the days of this order, Plaintiff is directed to inform the Court of her current address and inform the Court whether she intends to prosecute this action.

/ / /

/ / /

/ / /

This order terminates ECF Nos. 4, 5.

**IT IS SO ORDERED.**

Dated:  December 8, 2025



_____
JON S. TIGAR
United States District Judge

7